# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ENTOURAGE INVESTMENT GROUP, LLC, <br><br> Plaintiff(s), <br><br> v. <br><br> TV4 ENTERTAINMENT, INC., et al., <br><br> Defendant(s). | Case No. 2:22-cv-00637-GMN-NJK <br><br> **Order** <br><br> [Docket Nos. 39, 41] |

Pending before the Court is Defendant Brian Brady's motion to stay discovery pending resolution of his motion to dismiss.  Docket No. 41; *see also* Docket No. 29 (motion to dismiss).  Plaintiff filed a response in opposition.  Docket No. 42.  Defendant Brady filed a reply.  Docket No. 43.  The motion is properly resolved without a hearing.  *See* Local Rule 78-1.  For the reasons discussed below, the motion to stay discovery is **GRANTED**.

The Court has broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  Discovery may be stayed when: (1) there is a pending motion that is potentially dispositive in scope and effect; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion and finds the motion sufficiently meritorious to warrant a stay.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).  When the underlying motion challenges personal jurisdiction, the pendency of that motion strongly favors a stay or, at a minimum, limitations on discovery until the question of jurisdiction is resolved.  *E.g.*, *Kabo Tools Co. v. Porauto Indus. Co.*, 2013 WL 5947138, at *2 (D. Nev. Oct. 31, 2013).

The Court finds a stay of discovery warranted based on the circumstances of this case. Defendant Brady's motion to dismiss is potentially dispositive as to Defendant Brady.[1] The Court does not opine on whether jurisdictional discovery will be allowed. *Cf. Hologram USA, Inc. v. Cirque Du Soleil My Call, LLC*, 2014 WL 12792490, at *1 (D. Nev. Nov. 24, 2014). The underlying motion to dismiss is sufficiently meritorious to warrant a stay of discovery.[2]

Accordingly, Defendant Brady's motion to stay discovery motion to stay discovery (Docket No. 41) is **GRANTED**. In light of that ruling, the stipulated discovery plan (Docket No. 39) is **DENIED** as moot. In the event that resolution of the underlying motion to dismiss does not result in Defendant Brady's termination from this case, the parties must file a proposed discovery plan or joint status report within 14 days of the issuance of such order.

IT IS SO ORDERED.

Dated: October 11, 2022

_____
Nancy J. Koppe
United States Magistrate Judge

---

[1] The underlying motion must be case-dispositive or at least dispositive of the discovery for which a stay is sought. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 602 (D. Nev. 2011). The underlying motion to dismiss would be dispositive as to Defendant Brady. No other defendant has appeared in this case. The stay imposed herein does not apply to discovery involving any other defendant. *See, e.g., White v. Am. Tobacco Co.*, 125 F.R.D. 508, 509 (D. Nev. 1989).

[2] Conducting the preliminary peek puts the undersigned in an awkward position because the assigned district judge will decide the motion to dismiss may have a different view of its merits. *See Tradebay*, 278 F.R.D. at 603. The undersigned's "preliminary peek" at the merits of that motion is not intended to prejudice its outcome. *See id.* As a result, the undersigned will not provide a lengthy discussion of the merits of the pending motion to dismiss in this instance. Nonetheless, the undersigned has carefully reviewed the arguments presented in the underlying motion and subsequent briefing.