# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ENTOURAGE INVESTMENT GROUP, LLC, | ) ) ) | Case No.: 2:22-cv-00637-GMN-NJK |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) | |
| TV4 ENTERTAINMENT, INC., *et al.*, | ) ) | |
| Defendants. | ) | |

Pending before the Court is Defendant Brian Brady's ("Brady's") Motion to Dismiss, (ECF No. 29). Plaintiff Entourage Investment Group, LLC ("Plaintiff") filed a Response, (ECF No. 34), to which Brady filed a Reply, (ECF No. 37).

For the reasons discussed below, the Court **GRANTS** Brady's Motion to Dismiss.

## I.     BACKGROUND

This action arises from Plaintiff's investment in Defendant TV4 Entertainment, Inc. ("TV4"). (*See generally* First Am. Compl. ("FAC")). TV4 issued convertible promissory notes to four noteholders in an amount totaling $1,500,000. (*Id.* ¶ 20). Plaintiff purchased $250,000 worth of the notes for TV4's general corporate and working capital purposes. (*Id.* ¶¶ 16–17). Plaintiff's agreement to purchase the note stated that "the entire outstanding principal balance and all unpaid accrued interest shall become fully due and payable on or after [June 27, 2018] (the 'Maturity Date') upon the written demand by a Majority in Interest." (*Id.* ¶ 18). The agreement further defined a Majority in Interest as "holders of a majority of the aggregate principal amount of the Notes then outstanding." (*Id.* ¶ 19).

Defendant Brady is an officer of TV4. (FAC ¶ 40). Brady allegedly purchased $950,000 worth of the convertible promissory notes. (*Id.* ¶20). Thus, according to Plaintiff, Brady

constituted a Majority in Interest of the four total noteholders. (*Id.*).  Plaintiff alleges that "Brady's position as both a TV4 officer and as a Majority in Interest noteholder placed him in a unique position of trust," imposing on Brady fiduciary duties. (*Id.* ¶ 121).  Plaintiff further alleges that Brady breached his fiduciary duties "by failing to act in the best interests of the minority noteholders and instead taking action in his own self-serving interest." (*Id.* ¶ 122).  Brady now moves to dismiss the claim against him for lack of personal jurisdiction.[1]

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(2) permits a defendant, by way of motion, to assert the defense that a court lacks personal jurisdiction over a defendant. Fed. R. Civ. P. 12(b)(2).  When a 12(b)(2) motion is based on written materials, rather than an evidentiary hearing, a "plaintiff need only establish a prima facie showing of jurisdictional facts to withstand [a] motion to dismiss." *Ballard v. Savage*, 65 F.3d 1495, 1498 (9th Cir. 1995).  In determining whether personal jurisdiction exists, courts take the uncontroverted allegations in a complaint as true. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1108 (9th Cir. 2002).

When no federal statute applies to the determination of personal jurisdiction, the law of the state in which the district court sits applies. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004).  Because Nevada's long-arm statute reaches the outer limits of federal constitutional due process, courts in Nevada need only assess constitutional principles of due process when determining personal jurisdiction. *See* NRS § 14.065; *Galatz v. Eighth Judicial Dist. Court*, 683 P.2d 26, 28 (Nev. 1984).

Due process requires that a non-resident defendant have minimum contacts with the forum state such that the "maintenance of the suit does not offend 'traditional notions of fair

---

[1] Plaintiff incorrectly asserts that its FAC alleges three causes of action against Brady: Conversion, Accounting, and Breach of Fiduciary Duty. (Resp. 6:14–16, ECF No. 34).  A careful examination of the FAC reveals that the singular claim alleged against Brady is the Eleventh Claim for Breach of Fiduciary Duty. (*See generally* FAC).  Although Plaintiff brings the Seventh and Ninth claims against "Defendants," the FAC defines "Defendants" as including TV4, Digital Health Networks Corp., and Jon Cody only. (*See id.* 1:21–25).

1  play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting

2  *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)).  Minimum contacts may give rise to either

3  general jurisdiction or specific jurisdiction. *LSI Indus., Inc. v. Hubbell Lighting, Inc.*, 232 F.3d

4  1369, 1375 (Fed. Cir. 2000).  General jurisdiction exists where a defendant maintains

5  "continuous and systematic" ties with the forum state, even if those ties are unrelated to the

6  cause of action. *Id.* (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

7  414–16 (1984)).  Specific jurisdiction exists where claims "arise[] out of" or "relate[] to" the

8  contacts with the forum, even if those contacts are "isolated and sporadic." *Id.*

9  ### III.  DISCUSSION

10       Brady moves to dismiss the claim against him for lack of personal jurisdiction. (Mot.

11  Dismiss, ECF No. 29).  Plaintiff argues that the Court may exercise specific jurisdiction over

12  Brady.[2] (Resp. 5:1–7:25, ECF No. 34).  Alternatively, Plaintiff requests that the Court stay

13  Brady's Motion to permit limited jurisdictional discovery. (*Id.* 8:1–16).

14  ### A. Specific Jurisdiction

15       Specific personal jurisdiction refers to "jurisdiction based on the relationship between

16  the defendant's forum contacts and the plaintiff's claims." *Menken v. Emm*, 503 F.3d 1050,

17  1057 (9th Cir. 2007).  Personal jurisdiction must arise out of "contacts that the 'defendant

18  *himself*' creates with the forum State" and cannot be established from the conduct of a plaintiff

19  or third parties within the forum. *Walden v. Fiore*, 571 U.S. 277, 284 (2014) (quoting *Burger

20  King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985)).  In other words, "the plaintiff cannot be

21  the only link between the defendant and the forum." *Id.* at 285.

22  ///

23  ///

24

25

---

[2] Because Plaintiff does not argue for general jurisdiction over Brady, the Court's analysis is limited to specific jurisdiction.

Courts employ a three-prong test to analyze whether the assertion of specific personal jurisdiction in a given forum is proper:

> (1) The non-resident defendant must [a] purposefully direct his activities or consummate some transaction with the forum or resident thereof; or [b] perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protection of its laws;
>
> (2) the claim must be one which arises out of or relates to the defendant's forum related activities; and
>
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Schwarzenneger*, 374 F.3d at 802.

"The plaintiff bears the burden of satisfying the first two prongs of the test." *Menken*, 503 F.3d at 1057.  If the plaintiff satisfies the first two prongs, the burden will shift to the defendant to show that exercising jurisdiction would be unreasonable. *Id.*  However, "[i]f the plaintiff fails to satisfy either of these prongs, personal jurisdiction is not established in the forum state." *Id.*

The Ninth Circuit has emphasized that under the first prong of the specific personal jurisdiction test, purposeful availment and purposeful direction are two distinct concepts.  "The exact form of our jurisdictional inquiry depends on the nature of the claim at issue." *Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015).  For claims sounding in contract, courts generally apply the "purposeful availment" analysis, which considers whether a defendant "'purposefully avails itself of the privilege of conducting activities' or 'consummates a transaction' in the forum, focusing on activities such as delivering goods or executing a contract." *Menken*, 503 F.3d at 1057 (quoting *Schwarzenegger*, 374 F.3d at 802).

"'For claims sounding in tort' where the alleged conduct took place outside the forum state," courts in the Ninth Circuit apply a "purposeful direction test." *Strayer v. Idaho State Patrol*, No. 21-cv-35247, 2022 WL 685422, at *2 (9th Cir. Mar. 8, 2022).  This test analyzes

whether the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (citing *Schwarzenegger*, 374 F.3d at 803). This three-part purposeful direction test is sometimes referred to as the *Calder* effects test. *See Schwarzenegger*, 374 F.3d at 806.

Plaintiff's claim against Brady for breach of fiduciary duty sounds in tort. *See* Restatement (3d) of Torts § 16 (2022). Additionally, Plaintiff's unpled allegations of fraud also sound in tort. *See id.* § 9. Accordingly, the Court considers whether Brady "purposefully directed" his activities toward Nevada under the *Calder* effects test.

Plaintiff fails to establish that Brady purposefully directed his activities toward Nevada. Plaintiff alleges only one contact between Brady and the forum state: Brady joined a scheme to defraud Plaintiff, which happens to be a Nevada company. (Resp. 6:1–10). But even under the *Calder* effects test, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. "*Calder* made clear that mere injury to a forum resident is not a sufficient connection to the forum." *Id.* at 290. Thus, that a company located in Nevada may have been harmed by Brady's alleged actions does not, on its own, suggest that Brady should reasonably anticipate being haled into court in this state. *See Int'l Shoe Co.*, 326 U.S. at 316. Plaintiff fails to explain how the alleged actions that resulted in harm to a forum resident were purposefully directed at the forum state. Moreover, even if Plaintiff could establish that Brady purposefully directed his actions toward the forum state, the Court is not convinced that Plaintiff's claim for breach of fiduciary duty could "arise out of" Brady's alleged actions relating to an unpled claim for fraud. Accordingly, the Court cannot assert personal jurisdiction over Brady.

///

///

**B. Jurisdictional Discovery**

The decision whether to grant jurisdictional discovery is typically within the discretion of the district court. *Wells Fargo & Co. v. Wells Fargo Exp. Co.*, 556 F.2d 406, 430 n.24 (9th Cir. 1977). "[W]here pertinent facts bearing on the question of jurisdiction are in dispute, discovery should be allowed." *Am. West Airlines, Inc. v. GPA Group, Ltd.*, 877 F.2d 793, 801 (9th Cir. 1989). But "[w]here a plaintiff's claim of personal jurisdiction appears to be both attenuated and based on bare allegations in the face of specific denials made by the defendants, the Court need not permit even limited discovery." *Pebble Beach Co. v. Caddy*, 453 F.3d 1151, 1160 (9th Cir. 2006) (quoting *Terracom v. Valley Nat. Bank*, 49 F.3d 555, 562 (9th Cir. 1995)).

Here, Plaintiff hinges its request for jurisdictional discovery on Brady's potential involvement in a scheme to defraud Plaintiff. (Resp. 8:13–16). But Plaintiff has not alleged any claim for fraud against Brady. (*See generally* FAC). Plaintiff does not explain how its claim for breach of fiduciary duty could "arise under" any "minimum contacts" revealed through jurisdictional discovery regarding an unpled claim. Indeed, it appears that Plaintiff seeks to use discovery to explore this unpled claim rather than uncover jurisdictional facts related to Brady's alleged breach of fiduciary duty. (*See* Resp. 6:17–19) (noting that "Plaintiff anticipates amending the Complaint to add fraud claims against [Brady]"). Because "civil discovery is not intended to develop other claims," *Vera v. O'Keefe*, No. 10:cv-1422-L-MDD, 2012 WL 896175, at *5 (S.D. Cal. Mar. 15, 2012), the Court declines to permit jurisdictional discovery of facts underlying Brady's alleged, yet unpled, fraudulent actions.

///
///
///
///
///

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Brady's Motion to Dismiss, (ECF No. 29), is **GRANTED**.

**DATED** this __15__ day of February, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT