1

2

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

3

4

5

6

7

8

| | |
|---|---|
| ENTOURAGE INVESTMENT GROUP, LLC, | ) |
| Plaintiff, | ) |
| vs. | ) |
| | ) |
| TV4 ENTERTAINMENT, INC., *et al.*, | ) |
| Defendants. | ) |

Case No.: 2:22-cv-00637-GMN-NJK

**ORDER DENYING MOTION FOR ATTORNEY'S FEES**

9

10

11

Pending before the Court is Defendant Brian Brady's Motion for Attorney's Fees, (ECF No. 46). Plaintiff Entourage Investment Group, LLC filed a Response, (ECF No. 47), to which Brady filed a Reply, (ECF No. 50).

12

13

14

The Court **DENIES** Brady's Motion for Attorney's Fees because Plaintiff alleged at least some plausible basis for personal jurisdiction and the Motion to Dismiss was granted without reaching the merits of Plaintiff's underlying claim.

15

**I.    BACKGROUND**

16

17

18

19

20

21

This action arises from an alleged scheme to defraud Plaintiff, a Nevada company, as it relates to Plaintiff's investment in Defendant TV4 Entertainment, Inc. (Order 5:11–12, ECF No. 45). Plaintiff alleges that Defendant Brady, an officer of TV4, breached his fiduciary duties as a TV4 officer and as a Majority noteholder "by failing to act in the best interests of the minority noteholders and instead taking action in his own self-serving interest." (*Id.* ¶¶ 121–122).

22

23

24

25

The Court previously granted Brady's Motion to Dismiss for lack of personal jurisdiction. (*See* Mot. Dismiss, ECF No. 29); (Order, ECF No. 45). Plaintiff argued that the Court may exercise specific jurisdiction over Brady based on minimum contacts and harmful activities directed at a Nevada company. (Resp. to Mot. Dismiss 5:1–7:25, ECF No. 34). Prior

to filing its Motion to Dismiss, Brady's counsel emailed Plaintiff's counsel to suggest voluntary dismissal rather than expensive motion practice and cited to *Walden v. Fiore*, 571 U.S. 277 (2014), which states that personal jurisdiction must arise out of the defendant's own contacts with the forum state. (Mot. Atty's Fees 4:4–8, ECF No. 46).  However, Plaintiff's counsel responded that its basis for personal jurisdiction over Brady was distinguishable from the circumstances in *Walden*. (Ex A to Mot. Atty's Fees, ECF 46-1).

The Court granted Brady's motion, finding that Plaintiff failed to establish Brady purposefully directed his activities toward Nevada under the *Calder* effects test. (Order 5:6–23, ECF No. 45) (citing *Calder v. Jones*, 465 U.S. 783 (1984)).  In doing so, this Court relied on *Walden*, noting that "even under the *Calder* effects test, 'the plaintiff cannot be the only link between the defendant and the forum.'" (*Id.* 5:12–14 (citing *Walden*, 571 U.S. at 285)).  Following his dismissal, Brady moved for attorney's fees under NRS § 18.010(2)(b). (*See generally* Mot. Atty's Fees).

## II.   <u>LEGAL STANDARD</u>

"In diversity actions, federal courts are required to follow state law in determining whether to allow attorneys' fees." *Swallow Ranches, Inc. v. Bidart*, 525 F.2d 995, 999 (9th Cir. 1975).  Under Nevada law, a prevailing party cannot recover attorney's fees unless authorized by statute, rule, or agreement between the parties. *First Interstate Bank of Nevada v. Green*, 694 P.2d 496, 498 (Nev. 1985).  Relevant here, a party can obtain an award of attorney's fees if the court finds that the action was "brought or maintained without reasonable ground." NRS § 18.010(2)(b).  The Nevada Supreme Court has often expressed that the decision to award attorney's fees under section 18.010(2)(b) is "within the sound discretion of the district court." *Kahn v. Morse & Mowbray*, 117 P.3d 227, 238 (Nev. 2005).  Courts are nonetheless required to "liberally construe the provisions of [§ 18.010] in favor of awarding attorney's fees in all appropriate situations . . .  to punish for and deter frivolous or vexatious claims and

defenses." NRS § 18.010(2)(b).  To support such an award, "there must be evidence in the record supporting the proposition that the complaint was brought without reasonable grounds or to harass the other party." *Semenza v. Caughlin Crafted Homes*, 901 P.2d 684, 687 (Nev. 1995) (quoting *Chowdhry v. NLVH, Inc.*, 851 P.2d 459, 464 (Nev. 1993)).

Prevailing defendants as well as plaintiffs may recover attorney's fees under the statute. *Singer v. Chase Manhattan Bank*, 890 P.2d 1305, 1308 (Nev. 1995).  A party can be a "prevailing party" under the statute if it succeeds on any significant issue in litigation which achieves some of the benefit it sought in bringing suit. *Valley Elec. Ass'n v. Overfield*, 106 P.3d 1198, 1200 (Nev. 2005).  If fees are warranted, "[d]istrict courts must calculate awards for attorneys' fees using the 'lodestar' method." *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001).  Requests for fees must comply with Local Rule 54-14, which requires the movant to include an attorney affidavit confirming that the itemization and description of the work performed is reasonable and accurate. L.R. 54-14(a)–(b).

## III.    DISCUSSION

Brady requests an award of attorney's fees in the amount of $81,312.50. (Mot. Atty's Fees 4:7–8).  Because the Court finds that fees are not warranted, the Court does not address whether this amount is reasonable.

Plaintiff concedes that Brady is the prevailing party under NRS § 18.010(2)(b) because he successfully obtained dismissal from the case for lack of personal jurisdiction. (*See* Resp. 1:27–2:3, ECF No. 47).  Plaintiff instead argues that fees are not warranted because Brady failed to show that Plaintiff "brought its claims in bad faith, with <u>no</u> supporting facts, and only for the purposes of harassment." (Resp. 2:2–3).[1]  Plaintiff asserts that Brady did not meet this

---

[1] The Court agrees with Brady that he is not required to establish bad faith, a lack of factual support, *and* purposeful harassment.  The statute's plain language allows for the discretionary award of fees for claims brought without reasonable ground *or* to harass.

1    burden for either the underlying cause of action or for the jurisdictional allegations. (*Id.* at 2:1–

2    13).

3            Because the Court did not reach the merits of Plaintiff's claim against Brady, the Court

4    will not consider whether the underlying cause of action lacked a reasonable basis.  The instant

5    Motion thus turns on whether Plaintiff had some reasonable ground for asserting personal

6    jurisdiction over Brady.  The attorney's fees statute specifies that fees may be recoverable

7    "when the court finds that the *claim, counterclaim, cross-claim or third-party complaint or*

8    *defense* of the opposing party was brought or maintained without reasonable ground."

9    NRS § 18.010(2)(b) (emphasis added).  But courts have also awarded attorney's fees under

10   NRS § 18.010 in cases where a plaintiff brought a claim against a defendant over which no

11   reasonable basis for personal jurisdiction existed. *See, e.g.*, *Blom v. Floodsuckers, LLC*, No.

12   3:12-cv-570-RCJ-WGC, 2013 WL 3463260, at *4 (D. Nev. July 9, 2013).

13           Even so, the Court declines to award attorney's fees in this instance.  Although the Court

14   dismissed Plaintiff's claim against Brady for lack of personal jurisdiction, the loss of a motion

15   does not mean a claim was without any reasonable ground, justifying an award of attorney's

16   fees.  Here, Plaintiff alleged some action by Brady, the effects of which were felt in Nevada.

17   (*See* Order 5:10–23).  Though the Court ultimately found that Plaintiff's allegations did not

18   meet the requirements for personal jurisdiction, the Court acknowledges that personal

19   jurisdiction is a notably complex area of law that has generated conflicting decisions as to how

20   or what precedent applies. *See Yamashita v. LG Chem, Ltd.*, 62 F.4th 496, 506 n.1 (9th Cir.

21   2023).  Because Plaintiff presented some basis for personal jurisdiction—that the effects of

22   Brady's actions were felt in Nevada—the Court, in its discretion, will not award attorney's fees

23   even though that basis was unfounded. *Cf. Tracy v. CEO, Successor for Deutsche Nat. Tr. Co.*,

24   No. 3:11-cv-0436-LRH-VPC, 2012 WL 3069192, at *1 (D. Nev. July 26, 2012) (granting

25   attorney's fees for defendants who were dismissed for lack of personal jurisdiction because

they carried out a legal non-judicial foreclosure proceeding in another state, with no basis for jurisdiction in the forum state).  Moreover, the Court does not find that Plaintiff's misunderstanding of personal jurisdiction jurisprudence warrants a sanction of attorney's fees. *See* NRS § 18.010(2)(b) (noting that the legislative intent of the attorney's fees statute is for courts to "impose sanctions . . . to punish for and deter frivolous or vexatious claims and defenses").

**IV.    CONCLUSION**

　　　**IT IS HEREBY ORDERED** that Defendant Brady's Motion for Attorney's Fees, (ECF No. 46), is **DENIED**.

　　　**DATED** this ___12___ day of March, 2024.

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　Gloria M. Navarro, District Judge
　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT