UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ENTOURAGE INVESTMENT GROUP, LLC,<br><br>    Plaintiff(s),<br><br>v.<br><br>TV4 ENTERTAINMENT, INC., et al.,<br><br>    Defendant(s). | Case No. 2:22-cv-00637-GMN-NJK<br><br>**ORDER**<br><br>[Docket No. 56] |

Pending before the Court is Plaintiff's motion for entry of default judgment, Docket No. 56, which is **DENIED** without prejudice.

"A defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." *PepsiCo, Inc. v. Cal. Sec. Cans.*, 238 F. Supp. 2d 1172, 1174 (C.D. Cal. 2002). Instead, whether to enter default judgment is a decision entrusted to the discretion of the district court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). This exercise of discretion involves consideration of seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470,1471-72 (9th Cir. 1986). In addition, courts have a duty to ensure that they have a proper basis for exercising personal jurisdiction over the absent defendant. *Tuli v. Republic of Iraq*, 172 F.3d 707, 712 (9th Cir. 1999). Lastly, courts have an ongoing duty to ensure that they have subject matter jurisdiction over the case. Fed. R. Civ. P. 12(h)(3).

Plaintiff's bare-bones motion seeks entry of judgment for a quarter million dollars, plus interest, without providing meaningful argument as to the above issues. Taking the issues in

1

reverse order, the Court begins with subject matter jurisdiction. Plaintiff filed the complaint in federal court on the basis of diversity jurisdiction predicated on the fact that Plaintiff "is a limited liability company formed and existing under the laws of the State of Nevada with its principal place of business in Las Vegas, Nevada." Docket No. 1 at ¶ 1; *see also* Docket No. 13 at ¶ 1. This allegation is non-responsive to the diversity citizenship inquiry. For diversity purposes, "an LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Hence, Plaintiff's citizenship is determined by the citizenship of its owner/members, not by its place of formation or principal place of business. Concurrent with any renewed motion for default judgment, Plaintiff must file an amended certificate of interested parties identifying the names and citizenship of its owners/members as of April 18, 2022. *See* Fed. R. Civ. P. 7.1(a)(2) (the certificate of interested parties "must name— and identify the citizenship of—every individual or entity whose citizenship is attributed to that party"); *see also Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (recognizing "the well-established rule that diversity of citizenship is assessed at the time the action is filed").

Plaintiff's motion also does not explain how the Court has personal jurisdiction over the defaulting Defendants, which appear to be an out-of-state person and entities. Docket No. 13 at ¶¶ 3-5. This shortcoming is particularly acute given that the one defendant who did appear was dismissed for lack of personal jurisdiction. Docket No. 45 at 5 ("Plaintiff fails to explain how the alleged actions that resulted in harm to a forum resident were purposefully directed at the forum state"). Any renewed motion must explain with robust analysis and discussion how the exercise of personal jurisdiction over the defaulting Defendants is proper.

Lastly, the entry of default judgment does not automatically flow from the entry of default. Entering default judgment turns on consideration of seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel*, 782 F.2d at 1471-72.

These factors are not discussed in the motion in any direct fashion. Any renewed motion must explain with robust analysis and discussion why the pertinent considerations warrant entry of default judgment.

Accordingly, the motion for default judgment is **DENIED** without prejudice. Any renewed motion must be filed by April 12, 2024, and must provide meaningful discussion on the issues identified above.[1] An amended certificate of interested parties must also be filed by April 12, 2024.

IT IS SO ORDERED.

Dated: March 19, 2024

	_____
	Nancy J. Koppe
	United States Magistrate Judge

---

[1] The Court has identified herein the most glaring deficiencies in the pending motion, but the Court has not attempted to provide an exhaustive list of its shortcomings. Counsel must engage in fulsome research to ensure that any renewed motion addresses <u>all</u> required showings.